IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSHUA SHAW (#2014-0305184),   )
                                )
          Plaintiff,      )
                                )
   v.                          )   Case No. 16 C 5948
                                )
OFFICER VILLANUEVA, et al.,     )
                                )
          Defendants.     )

## MEMORANDUM ORDER

Plaintiff Joshua Shaw ("Shaw"), a pretrial detainee at the Cook County Department of Corrections ("Cook County Jail"), brings this pro se civil rights action under 42 U.S.C. § 1983 ("Section 1983"). Only a brief narrative is needed to explain Shaw's claim and to show why it is not viable.

Shaw alleges that on March 25 of this year he was housed in the segregation unit of the Cook County Jail. Correctional Officer Villanueva came to Shaw's cell door and asked him if he wanted his morning medications. When Shaw responded "Yes," Officer Villanueva opened the cell door and Shaw went to the dayroom to get the medications. In the dayroom Correctional Officer Rogers had her back turned and was speaking on the phone. As Shaw was walking to get the medications, "out of no where" a protective custody detainee hit Shaw in the jaw and slammed him to the floor. Shaw contends that the officers failed to protect him from harm and that Cook County has a "custom policy of turning a blines eye tours inmate's welfare."[1]

---

[1] What is quoted in the text is Shaw's actual language, without the insertion of any often annoying (and really distracting) "sic" notations.

Before this Court turns to the initial screening called for under 28 U.S.C. § 1915A,[2] Section 1915 calls for this Court to determine whether Shaw is able to proceed in forma pauperis ("IFP") under the special form of that status that Congress has prescribed for prisoner plaintiffs. This Court has done so, and it holds that because Shaw cannot prepay the entire filing fee, his application for IFP status is granted on that special basis. Accordingly, pursuant to Section 1915(b)(1) and (2), this Court orders that Shaw is assessed an initial partial filing fee of $15.67, and the Cook County Jail trust fund officer is ordered to collect that amount from Shaw's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

>Office of the Clerk
>United States District Court
>219 South Dearborn Street
>Chicago IL 60604
>
>Attention: Fiscal Department.

After such payment the trust fund officer at Cook County Jail (or at any other correctional facility where Shaw may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Shaw's name and the 16 C 5948 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Cook County Jail trust fund officer.

---

[2] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

As for Shaw's complaint, however, it must be dismissed. Under Sections 1915(e)(2)(B)(ii) and 1915A(b)(i) this Court is required to screen pro se prisoners' complaints and to dismiss them if they are held to have failed to state a claim on which relief may be granted (Jones v. Bock, 549 U.S. 199, 214 (2007)).

To that end courts screen prisoner litigation claims in the same manner as ordinary Fed. R. Civ. P. ("Rule") 12(b)(6) motions to dismiss (Maddox v. Love, 655 F.3d 709, 718 (7th Cir. 2011). And for that purpose the first of the two cases that have established what this Court terms the "Twombly-Iqbal canon" -- Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) -- teaches that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Or, as put a bit differently by the second case in that dichotomy -- Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Twombly, 550 U.S. at 570 -- a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Here Shaw contends that jail personnel failed to protect him from injury by a fellow inmate, but his allegations -- accepted as true, as this Court is required to do for present purposes -- simply do not give rise to a federal claim, for Dale v. Poston, 548 F.3d 563, 569 (7th Cir. 2008) has stated the obvious truth that a constitutional violation does not occur "every time an inmate gets attacked by another inmate. Prisons, after all, are dangerous places often full of people who have demonstrated aggression." And in that environment, although jail officials have a duty to take reasonable steps to protect inmates from violent assaults by other inmates, Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 669 (7th Cir. 2012) (internal quotation marks omitted) sensibly holds that "[t]hey incur liability for the breach of that duty" only "when they

were aware of a substantial risk of serious injury to an inmate but nevertheless failed to take appropriate steps to protect him from a known danger."

In this instance Shaw has alleged no facts showing, or even suggesting, that jail personnel knew that he was at a substantial risk of serious injury -- or indeed at <u>any</u> risk of <u>any</u> injury -- before he was assaulted by another detainee. Quite to the contrary, Shaw's allegations complain that he was attacked without warning. That just does not give rise to a failure-to-protect claim.

Shaw fares no better with his conclusory allegation that Cook County has a custom or policy of turning a blind eye toward an inmate's welfare -- an attempt to state a "<u>Monell</u> claim," the label derived from the seminal opinion in <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978)). Shaw's contention that the one unprovoked attack that he suffered demonstrates a custom or policy of failing to protect detainees from harm is too threadbare and speculative to provide the necessary facial plausibility (<u>McCauley v. City of Chicago</u>, 671 F.3d 611, 616-17 (7th Cir. 2011)).

Thus both facets of Shaw's claim have flunked the Rule 12(b)(6) test that applies with equal force to motions that challenge a prisoner plaintiff's failure to state a claim for purposes of Sections 1915(e)(2)(B)(ii) and 1915A(b)(i). This Court's usual practice when a complaint has failed on that ground is to give a plaintiff the opportunity to cure the flaw or flaws that have called for dismissal. In this instance, though, no such second chance is appropriate. Shaw's allegations as stated at the outset of this opinion are straightforward, and their substantive deficiencies are simply not curable (Shaw cannot of course alter the <u>facts</u> that he has alleged and that this Court has

were aware of a substantial risk of serious injury to an inmate but nevertheless failed to take appropriate steps to protect him from a known danger."

In this instance Shaw has alleged no facts showing, or even suggesting, that jail personnel knew that he was at a substantial risk of serious injury -- or indeed at <u>any</u> risk of <u>any</u> injury -- before he was assaulted by another detainee. Quite to the contrary, Shaw's allegations complain that he was attacked without warning. That just does not give rise to a failure-to-protect claim.

Shaw fares no better with his conclusory allegation that Cook County has a custom or policy of turning a blind eye toward an inmate's welfare -- an attempt to state a "<u>Monell</u> claim," the label derived from the seminal opinion in <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978)). Shaw's contention that the one unprovoked attack that he suffered demonstrates a custom or policy of failing to protect detainees from harm is too threadbare and speculative to provide the necessary facial plausibility (<u>McCauley v. City of Chicago</u>, 671 F.3d 611, 616-17 (7th Cir. 2011)).

Thus both facets of Shaw's claim have flunked the Rule 12(b)(6) test that applies with equal force to motions that challenge a prisoner plaintiff's failure to state a claim for purposes of Sections 1915(e)(2)(B)(ii) and 1915A(b)(i). This Court's usual practice when a complaint has failed on that ground is to give a plaintiff the opportunity to cure the flaw or flaws that have called for dismissal. In this instance, though, no such second chance is appropriate. Shaw's allegations as stated at the outset of this opinion are straightforward, and their substantive deficiencies are simply not curable (Shaw cannot of course alter the <u>facts</u> that he has alleged and that this Court has

credited in its analysis). Accordingly not only the Complaint but also this action itself are dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 16, 2016